UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO.   1:18-cr-00028 (EGS) |
| v. : | |
| : | |
| JARRELL HARRIS : | |
| also known as Jarell Harris : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to order the pretrial detention of defendant Jarrrell Harris, and in support thereof, submits this memorandum providing an overview of the investigation which led to the February 13, 2018, indictment of the defendant for escape, carjacking and firearms charges. In support thereof, we submit as follows:

### I. PROCEDURAL BACKGROUND

On Tuesday, February 13, 2018, an Indictment was filed in the United States District Court for the District of Columbia charging defendant Jarrell Harris (hereinafter "Harris" or "the defendant") with one count of Escape, in violation of Title 18, United States Code, Section 751(a); one count of Unlawful Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1); one count of Unlawful Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1); one count of Fleeing a Law Enforcement Officer, in violation of Title 50, District of Columbia Code, Section 2201.05b(b)(2); and one count of

Assault with a Dangerous Weapon, in violation of Title 22, District of Columbia Code, Section 402.

On Thursday, February 15, 2018, the defendant appeared before Magistrate Judge Harvey for his initial hearing. At the initial appearance, the government orally moved to have the defendant held without bond in this case pursuant to Title 18, United States Code, Sections 3142(f)(2)(A), 3142(f)(1)(E), and 3142(d)(1)(A)(ii). The defendant was held without bond pending his detention hearing scheduled for Thursday, February 22, 2018.

## II. LEGAL AUTHORITY

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). The parties may proceed by way of proffer and hearsay is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the Government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F.Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

The Bail Reform Act, Section 3142(e), which authorizes detention without bail pending trial, provides:

> If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required *and the safety of any other person and the community*, such judicial officer *shall order* the detention of the person before trial.

18 U.S.C. § 3142(e) (emphasis added). Factors that the Court must consider when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). A judicial determination that a defendant should be detained pending trial on grounds of community safety must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B); see also United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987); Alatishe, supra, 768 F.2d at 370.

The Court should also consider the likelihood that the defendant will flee, pursuant to 18 U.S.C. § 3142(f)(2)(A). The defendant has been indicted for escape in this case. Additionally, when the police attempted to apprehend him, the defendant led law enforcement on a high-speed

car chase through Maryland and the District of Columbia. The defendant has proven that there is a likelihood that he will flee.

### III. FACTUAL BACKGROUND

On June 15, 2017, the defendant, who was incarcerated at the Hazelton FCI in West Virginia, applied for a furlough transfer to a Residential Reentry Center. He signed an agreement stating that he understood the rules, including that "If I fail to remain within the extended limits of this confinement, it shall be deemed an escape." On September 19, 2017, the defendant departed Hazelton for Hope Village and, upon this arrival at Hope Village, the defendant signed an "Acknowledgement of Receipt of Resident Rules and Regulations, Terms and Conditions."

On November 5, 2017, the defendant was seen by a Hope Village supervisor getting into the driver's seat of a black two-door Mercedes CLK 300 convertible. The supervisor said to the defendant, "You don't have permission to drive, didn't you read the handbook?" The defendant replied, "Fuck the handbook" and drove off. The defendant eventually returned to Hope Village that day. However, three days later, on November 8, 2017, the defendant walked into a supervisor's office carrying all of his belongings and announced, "I'm out of here." The defendant then departed Hope Village. After attempts to locate the defendant failed, a warrant was issued for his arrest for escape.

On January 11, 2018, officers in Prince George's County, Maryland, attempted to stop a black two-door Mercedes CLK 300 convertible driven by the defendant in reference to a robbery that had just occurred. The defendant did not stop and, instead, he fled from the marked police

cruisers; the police cars had their emergency lights and sirens activated. The defendant drove recklessly and at a high rate of speed: the defendant ran several red lights, drove into the incoming traffic (crossing the double yellow line), turned left from the right lane of traffic (nearly striking cars in the right turn lane), swerved in and out of traffic, made illegal U-turns, sped through two parking lots, and ran at least eight stop signs. The entire vehicle pursuit was captured on the dash cam of the Prince George's County Police ("PGPD") squad car. Upon entering the 3100 block of Bruce Place, Southeast, the defendant jumped out of the Mercedes and ran into the woods. His car, however, remained in motion and struck the PGPD cruiser that Officer Clark was getting out of; Officer Clark's knee was injured when the Mercedes pinned him between the door and the body of the police car.

Officers, both from PGPD and MPD, chased the defendant into the woods on foot. The defendant became entangled in the underbrush and fell. The officers handcuffed the defendant and helped him stand up. On the ground directly under the defendant was a .357 revolver. The revolver was loaded with six rounds of ammunition. The defendant walked to the street, and while he was sitting on the curb, an MPD officer asked him for some biographical information in order to fill out the arrest paperwork. When the officer asked for his address, the defendant said, "I ain't gonna lie to you, I ran away from the halfway house." Prior to being placed in a transport vehicle, officers searched the defendant's pockets and discovered two speed loaders that were are loaded with an additional 11 rounds of .357 ammo.

## IV. DEFENDANT'S CRIMINAL HISTORY

The defendant has a prior conviction for Assault with a Dangerous Weapon, in D.C.

Superior Court case 2015-CF1-6671. This conviction stemmed from an incident where the defendant pulled a gun on a construction worker and threatened to kill him. The defendant pled guilty and was sentenced to three years in prison. The defendant was serving the last portion of this sentence at the Hope Village Halfway House, when he absconded and committed the offenses that are before this Court.

The defendant additionally has a conviction for firearms charges in D.C. Superior Court case number 2013-CF2-6643. The defendant finished his probation in that matter in March 2015 and the next month, in April 2015, he committed the assault discussed above.

Finally, the Prince George's County Police have obtained warrants and lodged a detainer against the defendant for the offenses in Maryland. On January 12, 2018, a warrant was issued for the defendant for First Degree Assault. See Pretrial Services Report, page 2. On January 19, 2018, two warrants were issued for the defendant for Attempted First Degree Murder-Handgun and Armed Robbery. Id.

The government reserves the right, and will make, further arguments at the detention hearing. The government respectfully requests this Court to find, by clear and convincing evidence, that no condition or combination of conditions can be imposed that would reasonably assure the safety of the community or ensure the defendant's appearance at future court proceedings. This Court should order that defendant Harris be held without bond during the pendency of this case to protect the safety of others and the community from the defendant.

**WHEREFORE**, we respectfully request that the Court issue an Order granting the

government's motion that defendant Harris be held without bond.

                        Respectfully submitted,

                        JESSIE K. LIU
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 472845

By: _____
     Dineen A. Baker, D.C. Bar No. 487820
     Assistant United States Attorney
     555 4th Street, N.W., Fourth Floor
     Washington, D.C. 20530
     (202) 252-6954
     Dineen.Baker@usdoj.gov