UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:18-cr-28 (EGS) |
| v. | : | |
| | : | |
| JARRELL HARRIS, | : | |
| Defendant. | : | |

## GOVERNMENT'S MOTION TO WITHDRAW
## ITS MOTION FOR PROTECTIVE ORDER AND TO VACATE HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves to withdraw its Motion for a Protective Order (ECF Doc. 7). The United States further moves to vacate the hearing on the Motion for Protective Order currently scheduled for Monday, March 26, 2018. In support of its motion, the government submits the following points and authorities.

### PROCEDURAL BACKGROUND

The defendant was arrested in this case following a multi-jurisdictional vehicle pursuit. Officers from Prince George's County and officers from multiple divisions of the Metropolitan Police Department ("MPD") were involved in the defendant's apprehension. Some of the officers from Prince George's County were driving vehicles equipped with cameras ("dash cams"). Some of the officers from MPD were equipped with body-worn cameras ("BWC"). Together, there are approximately 20 videos. The dash cams, which do not contain any protected information, were provided to the defendant on March 12, 2018.

On March 13, 2018, the government sent defense counsel a proposed Protective Order so that the BWC discovery could proceed without delay. The Protective Order sought to safeguard the personal identifying information ("PII") of witnesses who provided their PII in the presence of

an officer equipped with BWC.  Although other members of the Federal Public Defenders' Office have consented to the identical Protective Order in other matters, defense counsel in this case objected to the proposed order.  On March 19, 2018, the government filed a Motion for Protective Order.

At the status held on March 19, 2018, defense counsel maintained the objection to the Order.  The government explained that the BWC contained PII.  The Court denied the government's motion for a protective order and ordered that the government watch the entirety of the remaining 16 videos and file a revised motion by March 21, 2018.  On March 20, 2018, the Court issued a revised order, ordering that both parties review the 16 videos and "provide recommendations for further proceedings by no later than March 24, 2018."

On March 22, 2018, the government sent to defense counsel all 16 videos, with the PII redacted.  ECF Doc. 8.  The redactions are audio only, that is, the visual portion of the video is still visible, with the exception of a 15-scond clip when Officer Sibley holds up a paper and the PII on the paper is captured.  ECF Doc. 8.

Since the videos have all been provided to the defense, there is no longer a need for the Protective Order in this case.  Thus, the government moves to withdraw its Motion for a Protective Order and vacate the hearing on the Motion.  To be clear, notwithstanding its position in this case, the government still believes that Protective Orders are necessary and applicable in cases involving BWC, as the government has an obligation to protect the PII of witnesses and to comply with the MPD General Orders relating to BWC (see ECF Doc. 7).

## CONCLUSION

WHEREFORE, the government respectfully withdraws its Motion for a Protective Order

and requests that the Court vacate the hearing set for March 26, 2018.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By:

Dineen A. Baker
Assistant United States Attorney
D.C. Bar No. 487820
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6954
*dineen.baker@usdoj.gov*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on counsel for
Defendant, Loui Itoh, on this 23rd day of March, 2018.

Dineen A. Baker
Assistant United States Attorney