**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:18-cr-28 (EGS) |
| v. : | |
| : | |
| JARRELL HARRIS, : | |
|    Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MARCH 23, 2018 FILING REQUESTING UNREDACTED BODY-WORN CAMERA VIDEO**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the defendant's March 23, 2018 filing wherein he requests that defense counsel view unredacted body-worn camera ("BWC")  (ECF Doc. 10).

1. On March 13, 2018, the government sent defense counsel a proposed Protective Order so that the BWC discovery could proceed without delay.  The Protective Order sought to safeguard the personal identifying information of witnesses who provided their personal identifying information in the presence of an officer equipped with BWC. Defense counsel objected to the proposed order, so on March 19, 2018, the government filed a Motion for Protective Order (ECF Doc. 7).

2. At the status held on March 19, 2018, defense counsel maintained the objection to the Order.  The government explained that the BWC contained witnesses' personal identifying information.  The Court denied the government's motion for a protective order.

3. On March 22, 2018, the government sent to defense counsel 16 videos.  ECF Doc. 8. The government explained in its cover letter that the videos had witnesses' personal identifying information redacted, and that the witnesses' statements and conversations

with officers were <u>not</u> redacted. Further, the government advised defense counsel that only the audio portions were redacted at the specified timestamps, and that the video was still visible, with the exception of the 15-second clip in Officer Sibley's BWC where the Officer Sibley holds-up a paper containing a witness' personal identifying information. <u>See</u> ECF Doc. 8 (March 21, 2018 disclosure letter). The letter also provided a detailed itemization of the videos and the redactions as follows:

| Officer | Redactions |
|---|---|
| Officer Cardinal: | no redactions |
| Officer Shiffer: | PII[1] redacted at 16:20-17:30; and 32:30-33:40 |
| Officer Chih: | no redactions |
| Officer Desir: | PII redacted at 15:50-16:06 |
| Officer Dyke: | no redactions |
| Officer Finn: | no redactions |
| Officer Heffelman: | PII redacted at 16:40-17:45; 28:30-28:55; and 30:35-31:00 |
| Officer Hicks: | PII redacted at 21:32-21:43; 21:55-22:02; and 23:00-23:27 |
| Officer Hiller: | no redactions |
| Officer Howden: | no redactions |
| Officer Johnson: | PII redacted at 17:15-17:25 |
| Officer Norfleet: | no redactions |
| Officer Rodriguez: | no redactions |
| Officer Sibley: | PII redacted at 3:15-4:15; 4:25-4:40 (audio and video); 4:43-4:50; 6:10-6:50; and 15:05-15:20 |
| Officer Talley: | PII redacted at 33:02-33:10 |
| Officer Gupton: | PII redacted at 35:58-33:08 |

4. In light of this disclosure, the government filed a motion to withdraw its Motion for a Protective Order (ECF Doc. 9).

5. Defense Counsel requested that the government permit her to view the videos in full, that is, <u>with</u> the witnesses' personal identifying information and <u>without</u> a protective order. The government advised that it could not allow defense counsel access to the

---

[1] PII stands for "personal identifying information."

2

witnesses' personal identifying information absent a protective order. The government has a duty to protect the personal identifying information of witnesses. The District of Columbia has established laws and regulations regarding BWC footage. District of Columbia Municipal Regulation Title 24 Section 3902.5(a)(1)-(5), limits access to BWC footage that would "violate the individual privacy rights of any other subject" or "jeopardize the safety of another subject." The limited portions that have been redacted, as stated in paragraph 3, *supra*, are in compliance with the law.

6. The defendant then requested that the Court order the government to permit defense counsel - without a protective order - to view the redacted portions, that is, the witnesses' personal identifying information (ECF. Doc. 10). The defendant provides no reason why she needs to have access to the witnesses' personal identifying information nor why the District of Columbia law regarding BWC video footage is inapplicable. Rather, defense counsel stated that she wishes to view the witnesses' personal identifying information "in an abundance of caution." Id., at page 2. This is insufficient to overcome the law requiring that witnesses' personal identifying information be protected.

7. The government suggests that the Court review, *in camera*, the videos and determine whether the witnesses' personal identifying information should be disclosed absent a protective order. The government can provide to the Court two copies of the 16 videos at issue: a redacted version identical to what the defense received and an unredacted copy. Further, the hearing scheduled for March 26, 2018 should be continued until the Court has an opportunity to review the videos.

## CONCLUSION

WHEREFORE, the government respectfully maintains it previously stated position and objects to the defense having access, absent a protective order, to the witnesses' personal identifying information, and further submits that the Court review the material, *in camera*, for a final determination.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By:  */s/*
_____
Dineen A. Baker
Assistant United States Attorney
D.C. Bar No. 487820
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6954
*dineen.baker@usdoj.gov*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via ECF on counsel for Defendant, Loui Itoh, on this 23rd day of March, 2018.

*/s/*
_____
Dineen A. Baker
Assistant United States Attorney