UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No.: 1:18-cr-28 (EGS) |
| v. : | |
| JARRELL HARRIS, : | **FILED** |
| a/k/a Jarell Harris, : | JUL 1 3 2018 |
| Defendant. : | Clerk, U.S. District & Bankruptcy Courts for the District of Columbia |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.  **Elements of the Offenses:**

**Count One**

The essential elements of the offense of Escape from Custody, in violation of 18 U.S.C. § 751(a), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant voluntarily departed from custody while knowing that his actions would result in his leaving custody and/or physical confinement without permission;

2. That the defendant was in the custody of the Attorney General, or confined in an institution at the direction of the Attorney General; and

3. That such custody or confinement was pursuant to a judgment of conviction or other process issued under the laws of the United States.

**Count Two**

The essential elements of the offense Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm and ammunition;
2. That the firearm and ammunition had been shipped and transported in interstate commerce; and
3. That, at the time the defendant possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

### Count Four

The essential elements of the offense of Fleeing a Law Enforcement Officer, in violation of Title 50, District of Columbia Code, Section 2201.05b(b)(2), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant was operating a motor vehicle;
2. A law enforcement officer signaled him to bring the motor vehicle to a stop;
3. After the signal from a law enforcement officer, the defendant failed or refused to bring the motor vehicle to an immediate stop, fled, and attempted to elude the law enforcement officer;
4. The defendant did so voluntarily, on purpose, and not by mistake or accident; and
5. While failing or refusing to bring the motor vehicle to an immediate stop, fleeing, and attempting to elude the law enforcement officer, the defendant drove recklessly.

II. **Brief Statement of the Facts:**

If this case were to go to trial, the Government's evidence would establish beyond a reasonable doubt that:

On or about April 8, 2016, the defendant, Jarrell Harris, also known as Jerell Harris, was convicted of Assault with a Dangerous Weapon, in violation of Title 22, District of Columbia

2

Code, Section 402, in the Superior Court for the District of Columbia. On or about April 8, 2016, Judge Jennifer M. Anderson, sentenced the defendant to 36 months of incarceration, to be followed by three years of supervised release. In 2017, the defendant was serving his sentence at a Federal Bureau of Prisons facility in Hazelton, West Virginia. On or about September 19, 2017, the defendant was transferred to Hope Village, Inc., a halfway house located at 2840 Langston Place, S.E., Washington, D.C. to complete the remainder of the sentence. On November 8, 2017, the defendant left Hope Village without authorization. At the time of the defendant's unauthorized departure from Hope Village, he was in the custody of the Attorney General, or confinement in an institution where the prisoner was confined by the direction of the Attorney General.

On January 11, 2018, officers in Prince George's County, Maryland, attempted to conduct a traffic stop on a Mercedes driven by the defendant; the officers were in marked patrol vehicles and utilized their emergency lights and sirens. The Mercedes did not stop and, instead, it fled, driving recklessly and at a high rate of speed. Prince George's County Police ("PGPD") pursued the Mercedes into Washington, D.C, where Metropolitan Police Department ("MPD") officers assisted and joined the pursuit. The Mercedes continued to flee, travelling at speeds in excess of 25 MPH above the speed limit, and driving into oncoming traffic. Upon entering the 3100 block of Bruce Place, Southeast, the defendant jumped out of the car and ran into the woods.

Officers, both from PGPD and MPD, chased the defendant into the woods. The defendant became entangled in the underbrush and fell. The officers picked the defendant up from the ground and discovered a .357 revolver on the ground directly below the defendant. The revolver was a Taurus .357 loaded with six rounds of ammunition. The defendant also had, in his pocket, two reloaders containing a total of 12 additional rounds of ammunition. Subsequent forensic

testing revealed that the defendant's DNA profile was present on the firearm.

Taurus firearms and ammunition are manufactured in the country of Brazil and thus travel in interstate and foreign commerce to arrive in Washington, D.C. Prior to January 11, 2018, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, D.C. Superior Court case number 2015-CF1-6671.

Respectfully submitted,

JESSIE K LIU
United States Attorney
D.C. Bar No. 482845

By: /s/ Dineen A. Baker

Dineen A. Baker
Assistant United States Attorney
DC Bar No. 487820
U.S. Attorney's Office
555 4th Street, N.W., 4th Floor
Washington, D.C. 20530
(202) 252-6954
dineen.baker@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorney, Loui Itoh, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 7-13-18

Jarell Harris
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 7-13-18

Loui Itoh, Esq.
Counsel for Defendant