IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 1:18-cr-28 (EGS) |
| : | |
| JARRELL HARRIS : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its request and recommendation that the Court sentence the defendant, Jarrell Harris, to 24 months of incarceration for Counts One and Two of the Indictment and to 30 months of incarceration for Count Four of the Indictment. Count One charged Escape, in violation of Title 18, United States Code, Section 751(a). Count Two charged Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1). Count Four charged Fleeing a Law Enforcement Office, in violation of Title 50, District of Columbia Code, Section 2201.05(b)(2).

### FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts underlying the charge in this case are as follows:

On June 15, 2017, the defendant, who was incarcerated at the Hazelton FCI in West Virginia after being convicted and sentenced for Assault with a Dangerous Weapon, applied for a furlough transfer to a Residential Reentry Center. The defendant signed an agreement stating that he understood the rules, including that "If I fail to remain within the extended limits of this

confinement, it shall be deemed an escape." On September 19, 2017, the defendant departed Hazelton for Hope Village and, upon this arrival at Hope Village, the defendant signed an "Acknowledgement of Receipt of Resident Rules and Regulations, Terms and Conditions."

On November 5, 2017, the defendant was seen by a Hope Village supervisor getting into the driver's seat of a black two-door Mercedes CLK 300 convertible. The supervisor said to the defendant, "You don't have permission to drive, didn't you read the handbook?" The defendant replied, "F--- the handbook" and drove off. The defendant eventually returned to Hope Village that day. However, three days later, on November 8, 2017, the defendant walked into a supervisor's office carrying all of his belongings and announced, "I'm out of here." The defendant then departed Hope Village. After attempts to locate the defendant failed, a warrant was issued for his arrest for escape.

On January 11, 2018, officers in Prince George's County, Maryland, attempted to stop a black two-door Mercedes CLK 300 convertible driven by the defendant in reference to a robbery that had just occurred. The defendant did not stop and, instead, he fled from the marked police cruisers; the police cars had their emergency lights and sirens activated. The defendant drove recklessly and at a high rate of speed: the defendant ran several red lights, drove into the incoming traffic (crossing the double yellow line), turned left from the right lane of traffic (nearly striking cars in the right turn lane), swerved in and out of traffic, made illegal U-turns, sped through two parking lots, and ran at least eight stop signs. The entire vehicle pursuit was captured on the dash cam of the Prince George's County Police ("PGPD") squad car.

Upon entering the 3100 block of Bruce Place, Southeast, the defendant jumped out of the Mercedes and ran into the woods. Officers, both from PGPD and MPD, chased the defendant into the woods on foot. The defendant became entangled in the underbrush and fell. The officers

handcuffed the defendant and helped him stand up. On the ground directly under the defendant was a .357 revolver. The revolver was loaded with six rounds of ammunition. The defendant walked to the street, and while he was sitting on the curb, an MPD officer asked him for some biographical information in order to fill out the arrest paperwork. When the officer asked for his address, the defendant said, "I ain't gonna lie to you, I ran away from the halfway house." Prior to being placed in a transport vehicle, officers searched the defendant's pockets and discovered two speed loaders that were are loaded with an additional 11 rounds of .357 ammunition.

## SENTENCING RECOMMENDATION

As an initial matter, the government requests that the Court adopt the guideline calculation that is contained in the August 23, 2018 Presentence Report ("PSR") (ECF. Doc 24) and not the guideline calculation contained in the September 21, 2018 PSR (ECF. Doc. 28). The August 23, 2018 PSR did not count the defendant's 2015 Assault with a Dangerous Weapon ("ADW") as a crime of violence; this is consistent with the parties' plea negotiations. The parties had many discussions over a period of weeks regarding the plea agreement in this case, and the plea letter was sent to defense counsel on Wednesday, June 27, 2018 (ECF Doc. 21). The previous Friday, on June 22, 2018, the Court of Appeals held that ADW is a crime of violence (United States v. Haight, 892 F.3d 1271 (D.C. Cir. 2018)), however, the decision was not part of the previously ongoing plea discussions. The government stands by its agreement and is not requesting the defendant's 2015 conviction be counted as a crime of violence. Footnote 11 on page 30 of the September 21, 2018 PSR also indicates the government's position that additional points not be assessed for the 2015 ADW conviction.

For Counts One and Two, the August 23, 2018 PSR calculates the defendant's total offense

level at 13, after combining the counts[1] and calculating the Multiple Count Adjustment, as well as the defendant's acceptance of responsibility (USSG §§ 3E1.1(a) and 3E1.1(b)). The defendant is in Criminal History Category III. The defendant's guidelines range of imprisonment, as estimated by the parties in the plea agreement and as reflected in the August 23, 2018 PSR, is 18-24 months for Counts One and Two. For Count Four, the PSR found that, according to the D.C. Sentencing Guidelines, the offense is in Group 8. The defendant is in Criminal History Category C. The defendant's guidelines range of imprisonment, as estimated by the parties in the plea agreement and as reflected in the August 23, 2018 PSR, is 14-32 months for Count Four. The government is recommending a sentence at the high-end of the guideline range, which adequately addresses the sentencing considerations of Title 18 United States Code, Section 3553(a).

All of the applicable factors set forth in 18 U.S.C. § 3553(a), should be considered by this Court. See United States v. Gall, 128 S.Ct. 586 (2007). These factors include the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

The defendant's behavior in this matter – failing to obey Court orders by leaving the halfway house, illegally possessing a firearm, and fleeing from the police during a high-speed chase – merits punishment. The defendant has a violent criminal history dating back to when

---

[1] Counts One and Two do not group "because they represent separate harms and are thus treated as two distinct groups." See August 23, 2018 PSR, ¶ 29.

he was just 18 years old, and each of his prior convictions involves a firearm. August 23, 2018 PSR ¶¶ 54, 55. The defendant's 2015 conviction stemmed from an incident where the defendant pointed a gun at the victim and threatened to kill him. August 23, 2018 PSR ¶ 55. In addition to the convictions, the defendant has three pending warrants out of Prince George's County Maryland for, among other charges, Attempted First Degree Murder, three counts of Armed Robbery, and numerous firearms offenses. August 23, 2018 PSR ¶¶ 68, 69, 70. Less than two months after absconding the halfway house (where he was placed post-prison for the assault involving a firearm), the defendant resumed his criminal activities by shooting someone on December 23, 2017.[2] The defendant has given every indication that he is both not willing to follow court orders, and that he is willing to resort to violence – theses two factors prove that the defendant is a danger to the community.

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a sentence of incarceration is warranted, and that a sentence at the high-end of the guidelines, that is, 24 months for Counts One and Two and 30 months for Count Four, is appropriate. The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and affording adequate deterrence to criminal conduct. Based upon a consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government further recommends that while the defendant is incarcerated that he be placed in a facility that offers the programs recommended the PSR. See September 21, 2018 PSR ¶¶ 120, 121, 122, 123, 123a, 124. The defendant's conditions of supervised release should also include vocational and educational courses, as well as drug testing. Finally, the government seeks forfeiture of the

---

[2] The defendant has not been convicted of this shooting, but a warrant - based on probable cause - was issued on January 19, 2018. See August 23, 2018 PSR, ¶ 68.

weapon in this case, that the defendant agreed to as part of his plea agreement (ECF Doc. 21, page 8).

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:     /s/
Dineen A. Baker
D.C. Bar No. 487820
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6954
dineen.baker@usdoj.gov

weapon in this case, that the defendant agreed to as part of his plea agreement (ECF Doc. 21, page 8).

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472845

By:    /s/
Dineen A. Baker
D.C. Bar No. 487820
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-6954
dineen.baker@usdoj.gov